UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **KYLA JOHNSON ET AL** | **CASE NO.  6:25-CV-00471** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **ONKAR SINGH ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### REPORT AND RECOMMENDATION

Before the Court is Plaintiffs' Motion to Remand. (Rec. Doc. 8). Removing Defendants opposed the Motion (Rec. Doc. 12), Plaintiffs replied (Rec. Doc. 15), and Removing Defendants filed a Sur-Reply. (Rec. Doc. 18).  The Court held oral argument on June 26, 2025.  The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court.  Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, it is RECOMMENDED that Plaintiffs' Motion to Remand be GRANTED and request for attorney's fees be DENIED.

### Factual Background

On February 25, 2025, Plaintiffs Kyla Johnson, Joshua Johnson, and Andrea Degeyter filed a Petition for Damages in state court naming Onkar Singh, RK Logistics, LLC ("RK"), and Progressive Security Insurance Company

("Progressive") as Defendants after Plaintiffs Kyla Johnson and Degeyter were involved in a motor vehicle accident with an eighteen-wheeler owned by RK and operated by Onkar Singh. (Rec. Doc. 1-1). At the time of the accident, Plaintiffs were covered by an insurance policy issued by Progressive that provided uninsured/underinsured motorist ("UM") coverage. (*Id.*). While not named as a defendant, Plaintiffs aver that Defendants Singh and RK were also covered by an insurance policy issued by Southlake Specialty Insurance Company. (*Id.* at ¶¶ 16-17).

In the Notice of Removal, Removing Defendants allege that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00. (Rec. Doc. 1). Specifically, Removing Defendants contend that Defendant Singh is a citizen of New Jersey, RK is a citizen of New Jersey, Progressive is believed to be a citizen of Texas, and Plaintiffs are citizens of Louisiana. (*Id.*). In their Motion to Remand, Plaintiffs assert that Progressive is, in fact, a Louisiana citizen thereby destroying complete diversity. (Rec. Doc. 8). In their opposition, Removing Defendants concede that Progressive is a Louisiana citizen but pivot to assert that Progressive is an improperly joined defendant whose citizenship should be disregarded for removal purposes. (Rec. Doc. 12).

## Law and Analysis

### I. Law applicable to removal, remand, and improper joinder.

The federal district courts have original jurisdiction over cases in which the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00, pursuant to 28 U.S.C. §1332. 28 U.S.C. §1441 and §1446 provide the procedural mechanism by which a party may remove a matter from state court to a federal district court.

Generally, upon the filing of a motion to remand, the removing party bears the burden to prove that federal jurisdiction exists. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir. 1995). Thus, Removing Defendants, as the parties seeking to invoke federal diversity jurisdiction under §1332, bear the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000.00[1]. *Garcia v. Koch Oil Co. of Texas Inc.,* 351 F.3d 636, 638 (5th Cir. 2003). If there is "any doubt about the propriety of removal," it "must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

Here, Removing Defendants contend that Progressive, a non-diverse defendant, was improperly joined. (Rec. Docs. 12). "When a defendant removes a

---

[1] All parties concede that the amount in controversy exceeds $75,000.00 in this matter.

3

case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper." *Smallwood v. Illinois Cent. R. Co.,* 385 F.3d 568, 576 (5th Cir. 2004) (en banc). "To demonstrate improper joinder of resident defendants, the removing defendants must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Gasch v. Hartford Acc. & Indem. Co.,* 491 F.3d 278, 281 (5th Cir. 2007), quoting *Crockett v. R.J. Reynolds Tobacco Co.,* 436 F.3d 529, 532 (5th Cir.2006). Removing Defendants do not contend actual fraud in the pleadings; rather, Removing Defendants rely upon the second category of improper removals. As such, the threshold question is whether "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* (citing *Smallwood, supra*). In deciding whether a party was improperly joined, the Court must resolve all contested factual issues and ambiguities of state law in favor of the plaintiff. *Id.* (citing *Guillory v. PPG Indus., Inc.,* 434 F.3d 303, 308 (5th Cir.2005)).

While the Court has discretion to "pierce the pleadings and consider summary judgment-type evidence in the record" in determining whether joinder was improper, it "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *McKee v. Kan.*

4

*City S. Ry. Co.*, 358 F.3d 329, 334 (5th Cir.2004) (citing *Travis,* 326 F.3d at 648-49.). Thus, "although the type of inquiry into the evidence is similar to the summary judgment inquiry, the district court is not to apply a summary judgment standard but rather a standard closer to the Rule 12(b)(6) standard." *Id.* Any contested issues of fact and any ambiguities of state law must be resolved in the plaintiff's favor. *Id.* The Court "must also take into account the 'status of discovery' and consider what opportunity the plaintiff has had to develop its claims against the non-diverse defendant." *Id.* at 334-36; *see also Travis*, 326 F.3d at 650-51 (noting that when discovery was ongoing "simply pointing to the plaintiff's lack of evidence at stage of the case is insufficient" to establish improper joinder). At this stage of the litigation the plaintiff is not expected to produce evidence sufficient to survive a motion for summary judgment; he must only show a "reasonable basis for the [] court to predict that the plaintiff might be able to recover." *Smallwood*, 385 F.3d at 573; *see also Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308–09 (5th Cir.2005) (explaining "[w]e do not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so.").

    Here, Removing Defendants maintain that "there is no possibility that plaintiffs will exhaust the policy limits in the Southlake policy in order to recover against the Progressive UM policy, which is secondary to and excess over

5

Southlake's liability limits." (Rec. Doc. 12, p. 4). The Southlake policy provides for automobile liability limits of $1,000,000.00. (*Id*.). Plaintiffs' UM policy with Progressive provides an additional $15,000.00 per person and $30,000.00 per accident. (*Id*. at p. 3). It is Removing Defendants position that Plaintiffs "cannot establish that it is plausible that damages would exceed the underlying liability limits." (*Id*. at p. 12). Removing Defendants allege that they have "requested on numerous occasions" supporting evidence regarding Plaintiffs' damages but have not been provided with such. (*Id*. at p. 5). Accordingly, Removing Defendants assert that "based upon the submissions by plaintiffs to date, plaintiffs cannot establish that it is plausible that damages would exceed the underlying liability limits." (*Id*.). At the June 26, 2025 Oral Argument, Removing Defendants noted that they have since received medical records from Plaintiffs, but still opine that it is not plausible that Plaintiffs' damages would exceed the underlying liability limits.

Plaintiffs contend that "Removing Defendants have not come close to meeting their heavy burden of establishing that Progressive was improperly joined as a defendant in this action" and that "Removing Defendants make no attempt at demonstrating that there is no reasonable basis for the district court to predict that Plaintiffs might be able to recover against Progressive." (Rec. Doc. 15, pp. 3-4)(emphasis removed). Per Plaintiffs, Plaintiff Kyla Johnson's and/or Plaintiff

6

Degeyter's claims alone could exceed Removing Defendant's $1,000,000.00 policy limits. (*Id*. at. pp. 14-15).

In their Petition for Damages, Plaintiffs allege that Plaintiff Kyla Johnson "suffered various injuries and damages including, but not limited to, cervical and lumbar injuries for which she has undergone, to date, extensive medical treatment including Cervical Facet injections; Lumbar Facet injections; right SI Joint Medial Branch Blocks; and a Lumbar Transforaminal Epidural Steroid Injection." (Rec. Doc. 1-1, ¶ 9). At the June 26, 2025 Oral Argument, it was noted that Plaintiff Johnson also underwent a discectomy. Plaintiffs allege that Plaintiff Degeyter "suffered various injuries including, but not limited to, cervical and lumbar injuries for which she has undergone, to date, extensive medical treating including a Cervical Facet injection and a Lumbar Transforaminal Epidural Steroid Injection." (*Id*. at ¶ 10).

Plaintiffs Johnson and Degeyter are both seeking damages for past, present, and future physical pain and suffering, mental anguish and/or emotional distress, disability and/or impairment, lost wages and/or loss of earning capacity, loss of enjoyment of life; medical expenses, and any and all other damages to be established at trial. (*Id*. at ¶¶ 9-10). Additionally, Plaintiff Joshua Johnson is seeking damages for past, present, and future loss of consortium, loss of financial and emotional support, loss of household services, and any recoverable damages." (*Id*. at ¶ 11).

7

As previously stated, it is well established that when challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of proof and doubts concerning removal are to be construed against removal and in favor of remand to state court. *De Aguilar*, 47 F.3d at 1408 (5th Cir. 1995); *Gasch*, 491 F.3d at 281-82 (5th Cir. 2007). Although the Court may look beyond the pleadings in an improper joinder analysis to consider summary judgment-type evidence, Removing Defendants have come forward with no evidence, beyond argument and opinions, that Plaintiffs' recovery would be limited to $1,000,000.00 or less, or that other cases involving similar injuries resulted in damage awards below such amounts. (Rec. Doc. 12). In contrast, Plaintiffs provided detailed averments regarding their damages and numerous examples of other cases involving similar injuries that resulted in damages in excess of $1,000,000.00. (Rec. Docs. 1-1 & 15, pp. 4-6).

Removing Defendants have not satisfied the heavy burden of demonstrating that Plaintiffs have no possibility of recovering from Progressive. Consequently, Progressive is a proper party to the suit. Because the parties are not completely diverse, the Court does not have subject matter jurisdiction over this case. It is therefore recommended that Plaintiffs' Motion to Remand be GRANTED.

## II.    <u>Attorney's Fees.</u>

Plaintiffs request attorney's fees pursuant to 28 USC § 1447(c). Section 1447(c) provides that "[a]n order remanding the case *may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." (emphasis added). Per the United States Supreme Court, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132 (2005).

In their Notice of Removal, Defendants aver that Progressive "is believed to be a citizen of the State of Texas (state of incorporation and principal place of business)." (Rec. Doc. 1, ¶ 6). Progressive also consented to the removal. (Rec. Doc. 1-1, p. 8). Lastly, in their Petition for Damages, Plaintiffs pleaded that Progressive is "believed to be a foreign insurance company authorized to do and doing business in the State of Louisiana." (Rec. Doc. 1-1, p. 1). Given the corporate structure and multi-state incorporation of Progressive, the Court finds that Defendants had an objectively reasonable basis for seeking removal at the time of removal. Accordingly, it is recommended that Plaintiffs' request for attorney's fees be denied.

## **Conclusion**

For the reasons discussed herein, the Court recommends that Plaintiffs' Motion to Remand (Rec. Doc. 8) be GRANTED and request for attorney's fees be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 26th day of June, 2025.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE